**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JUAN FRANCISCO VEGA

Plaintiff,

v. Case No. 2:26-cv-1815-KCD-KRH

JARAD ANDERSON and
SHEVAUN HARRIS

Defendants.

---

**ORDER**

Plaintiffs Juan Francisco Vega and Muhammad Raheem Taqwa El Supreme Kalifa, civilly committed residents of the Florida Civil Commitment Center (FCCC), initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.) Vega is the only remaining plaintiff. (Doc. 22.) He generally alleges that—through an amendment to a contract between Florida's Department of Children and Family Services (DCF) and the private corporation operating the FCCC—DCF Secretary Shevaun Harris abdicated her responsibility to pre-approve rules relating to the daily operation of the civil commitment facility. Vega proceeds *in forma pauperis* (Doc. 23), and his complaint is before the Court for initial screening.[1]

---

[1] A plaintiff seeking to proceed *in forma pauperis* will have his complaint screened in

After review, the Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## I. Complaint

Vega is a sexually violent predator currently confined at the FCCC.[2] He sues DCF Secretary Shauvan Harris and FCCC Administrator Jarad Anderson. Vega asserts that FCCC residents are subject to "spontaneous rules by way of posted memorandums" that he cannot challenge. (Doc. 1 at 3.) And when residents do not follow these rules, they are placed in a Special Management Unit (SMU) "under restrictive living conditions and restricted privileges[.]" (*Id.*) Vega asserts that the length of detention in the SMU is often longer "than what prisoners in the custody of the Florida Department of Corrections" receive for similar infractions. (*Id.*)

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Despite Vega's non-prisoner status, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it reviewed a complaint filed by a civil detainee under section 1915(e)(2)(B)).

[2] The Florida legislature enacted the Sexually Violent Predator (SVP) Act (Fla. Stat. §§ 394.910–.913), by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, treatment, and rehabilitation of criminal offenders, until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2).

Vega explains that he does not challenge the fact or conditions of his confinement in the SMU. (Doc. 1 at 4.) Instead, he argues that:

> The Constitutional challenge is focused on the fact that Defendant Harris has taken a hands off [approach] over the Plaintiff's long-term care, mental health treatment, and rehabilitation by relinquishing her obligation under the Involuntary Civil Commitment Sexually Violent Predator Act, Part V of Chapter 394 of the Florida Statutes (duty of care and treatment) by allowing a Limited Liability Corporation to enact and impose any rule over the care and treatment of mental health patients that were civilly committed to the care and custody of an Executive Agency of the Florida Government and not to the custody of a Limited Liability Corporation.

(Doc. 1 at 4.)[3] As evidence of Defendant Harris's alleged "hands off" approach, Vega directs the Court to "Amendment #0012 of Contract #L1709 between DCF and the Limited Liability Corporation" which states:

> Amendment #0012 Page 1, Standard Contract, First Sentence, as amended 3/18/2014 is hereby amended to read: "4. Page 50. Attachment I, section D.20, Special Provisions, is hereby added to read: The Provider shall not be subject to the approval requirement in Section 4.9.1.5., first paragraph, last sentence, of RFP #06105KL, which requires that policies and procedures be submitted to the Department for review and approval.

(*Id.* at 3.) [4] Vega asserts that Amendment 12 proves that Defendant Harris has relinquished her duty of care and allowed the corporation that runs the FCCC

---

[3] When quoting Vega's complaint, the Court corrects minor grammar and spelling errors and omits added emphases.

[4] The full contract and all amendments are available at the Florida Department of Financial Services. *See* https://facts.fldfs.com/Search/ContractDetail.aspx?AgencyId=600000&ContractId=LI702.

to "create and enforce any rule upon the patients without due process and without supervision from DCF." (*Id.* at 5.) He seeks injunctive relief and monetary damages.

**II. Discussion**

Vega challenges an amendment to a contract with the corporation operating the FCCC that allegedly allows administrators to make rules at the facility without prior DCF approval or oversight. Although labeled a due process claim, it is unclear how Vega believes this contract amendment violates his constitutional rights. He specifically asserts that he does not challenge the conditions of his confinement, and it does not appear that he has faced sanctions for infractions that he did not commit. It goes without saying that Vega does not have a constitutional right to violate FCCC rules—even if he does not agree with them.

To the extent Vega bases this complaint on an assertion that Florida law requires the DCF Secretary to pre-approve all day-to-day rules and operating procedures at the FCCC, he has not stated a claim. The Court has not found, and Vega does not identify, any portion of Chapter 394 (or other Florida law) requiring DCF oversight of daily operations at the FCCC. But even if such a law exists, § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." *Knight v. Jacobson*, 300 F.3d 1272, 1275 (11th Cir. 2002). And a claim

that operating rules at the FCCC are not promulgated pursuant to Florida law is not a federal due process claim. *See Hayes v. Sec'y, Fla. Dep't of Children and Families*, No. 4:10-cv-541-MP-CAS, 2013 WL 5421713, at *8 (N.D. Fla. Sept. 26, 2013) (rejecting an FCCC resident's argument that improperly promulgated rules regarding "daily operations of FCCC" violated the federal Constitution).

Moreover, although Vega asserts that punishments for rule infractions are too harsh, he does not challenge the conditions of his confinement, and he does not identify any rule or procedure he believes is unconstitutional. In *Youngberg v. Romeo*, 457 U.S. 307 (1982), the Supreme Court considered the substantive due process rights of the involuntarily civilly committed. The Court concluded that they retain certain liberty interests, but the rights are not absolute. *Id.* at 315–316, 320. The Court concluded that "the proper balance between the legitimate interests of the State and the rights of the involuntarily committed to reasonable conditions of safety and freedom from unreasonable restraints" requires the courts to "make certain that professional judgment … was exercised. [But it] is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Id.* at 322. Thus, under *Youngberg*, the superintendent of a civil commitment facility is constitutionally empowered to implement policies and procedures to ensure

the facility's safe and secure operation, as long as those policies and procedures reflect the reasonable application of professional judgment.

In sum, Vega does not have a constitutional due process right that the rules governing resident behavior at the FCCC be pre-approved by DCF, and he does not identify a single policy or rule that "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the [rule or procedure] on such a judgment." *Youngberg*, 457 U.S. at 323. And while FCCC residents have a protected due process right to prior notice or "fair warning" of proscribed conduct before a sanction may be imposed, *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972), Vega admits that the residents receive notice of the new rules "by way of posted memorandums." (Doc. 1 at 3.)

## Conclusion

Vega's complaint does not state a claim on which relief may be granted. And because he bases his right to relief on actions by the defendants that are not unconstitutional, amending the complaint would be futile. Thus, the dismissal is without lave to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (recognizing that a district court need not allow amendment of a complaint where amendment would be futile).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on October 22, 2026.

Kyle C. Dudek
United States District Judge